UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELBERT S. HARRIS              :
                              :    PRISONER CASE NO.
        v.                    :    3:03-cv-642 (JCH)
                              :
JOHN ARMSTRONG, ET AL         :    DECEMBER 12, 2003

## RULING AND ORDER

The plaintiff, Elbert S. Harris, who is currently incarcerated at the

MacDougall Correctional Institution in Suffield, Connecticut, filed this civil rights

action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  The defendants

are the Commissioner of Correction, John Armstrong; the Warden of MacDougall

Correctional Institution, Brian Murphy; and the Food Services Administrator, Mr.

Franks.

The plaintiff alleges that in November 1998, he filed a state habeas petition

seeking an order directing the Connecticut Department of Correction to serve him a

low-sodium, low-cholesterol diet because of his heart condition.  In September

1999, a Connecticut superior court judge granted his petition and ordered the

Department of Correction to provide him with medically approved meals.  The

plaintiff also alleges that he appeared before another state court judge in May 2000

regarding his medical diet.  He states that the judge and the attorney representing

the Department of Correction in that case "did everything in their power to deny [him] a proper medical diet."

The plaintiff claims that only a "certified" dietician from the University of Connecticut Medical Center can approve his meals; he alleges that, instead, a nutritionist at the Department of Correction has been reviewing his meals. The plaintiff alleges that the defendants have failed to provide him with the foods included in the diet approved by the state court judge who granted his habeas petition in 1999. He claims that the foods he has been given have caused him to develop acid reflux, a hiatal hernia, and second-stage diabetes.

The plaintiff seeks a court order appointing a dietician to compare the food served to inmates with medically approved diets at MacDougall Correctional Institution to the food served to similar inmates at the University of Connecticut Health Center and to issue a report. He also seeks compensatory and punitive damages.

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court *shall* dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on

which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I) - (iii)(emphasis added). Thus, the plain language of the statute requires this district court to dismiss the complaint if any of the three enumerated subsections in 28 U.S.C. § 1915(e)(2)(B) are satisfied.  See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"[W]hen an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(I) even if the complaint fails to 'flesh out all the requisite details.'"  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990)).

>An action is "frivolous" when either: (1) "the 'factual
>contentions are clearly baseless,' such as when allegations
>are the product of delusion or fantasy;" or (2) "the claim is
>'based on an indisputably meritless legal theory.'" Nance v.
>Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)
>(quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989).
>A claim is based on an "indisputably meritless legal
>theory" when either the claim lacks an arguable basis in
>law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir.
>1990) (per curiam), or a dispositive defense clearly exists
>on the face of the complaint.  See Pino v. Ryan, 49 F.3d
>51, 53 (2d Cir. 1995).

Id. at 437.  The court exercises caution in dismissing a case under § 1915 because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989)(discussing former § 1915(d) which, like the current subsection (e), also allowed the court to dismiss "frivolous," as well as "malicious," actions).

As noted, a district court must also dismiss a complaint if it "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915 (e)(2)(B)(ii); see Cruz, 202 F.3d at 596 ("[T]he Prison Litigation Reform Act . . . redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory."). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint and draw[s] all reasonable inferences" from these allegations in the light most favorable to the plaintiff.  Id. at 596.  Dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 597.  In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should allow "a pro se plaintiff who is proceeding in forma pauperis . . . the same opportunity . . . a pro se fee-paid plaintiff" would have to file

an amended complaint that states a claim upon which relief may be granted. <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(iii); <u>Spencer v. Doe</u>, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity"). Thus, to the extent the complaint can be broadly construed as suing the defendants in their official capacities for damages, these claims must be dismissed.

To the extent that the plaintiff seeks to bring a § 1983 claim against the state defendants for failure to comply with a state court order, this court declines to consider such a claim under the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971). <u>See also</u> <u>Huffman v. Pursue</u>, 420 U.S. 592, (1975)(even where state court appeal is not pending, litigant in a civil case must have exhausted his state appellate remedies before seeking a federal injunction); <u>Hayse v. Wethington</u>, 110 F.3d 18, 20 (6th Cir. 1997)(relying on <u>Huffman</u> and ultimately finding abstention principles to be applicable where federal claim sought to review compliance with

–5–

pending state court injunctive orders).  Courts typically apply the <u>Younger</u>

abstention when three elements are satisfied: "(1) state proceedings are pending; 2)

the state proceedings involve an important state interest; and (3) the state

proceedings will afford the plaintiff an adequate opportunity to raise his

constitutional claims."  <u>Hayse</u>, 110 F.3d at 20.

     The court finds that this case meets all three requirements.  First, although no

state court appeal is pending, the plaintiff has not exhausted his state court remedies

before seeking a federal injunction.  <u>See Huffman</u>, 420 U.S. 592.  Second, because

the plaintiff's claims involve a state court order issued against a state agency,

important state interests are implicated.  Finally, there is no reason to doubt that the

state proceedings will not afford the plaintiff an adequate opportunity to raise his

claims.  The plaintiff may challenge the Department of Correction's alleged non-

compliance with the state court order in state court.  Accordingly, the plaintiff's

claims concerning the violation of a state court order are dismissed.

     The plaintiff also alleges that the defendants violated his rights under the

Seventh, Eighth, and Fourteenth Amendments to the United States Constitution.

The Seventh Amendment provides: "In Suits at common law, where the value in

controversy shall exceed twenty dollars, the right of trial by jury shall be preserved,

and no fact tried by a jury shall be otherwise re-examined in any Court of the United

States, than according to the rules of the common law." U.S. Const. amend. VII.

The Seventh Amendment affects the distribution of trial functions between the judge

and jury in civil actions by assigning "the decisions of disputed questions of fact to

the jury." Gasparini v. Center for Humanities, Inc., 518 U.S. 415, 432 (1996).

The court cannot discern how the defendants' alleged failure to provide him with a

proper diet constitutes a violation of the plaintiff's Seventh Amendment rights.

Thus, any Seventh Amendment claim is dismissed as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(I).

　　　　To the extent that the plaintiff is claiming that the defendants have violated his

Eighth and Fourteenth Amendment rights by failing to provide him with a proper

medical diet, he must allege that he exhausted his administrative remedies prior to

filing suit. The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. §

1997e to require inmates to exhaust all available administrative remedies before

bringing an action with respect to prison conditions pursuant to section 1983 or any

other federal law. See 42 U.S.C. § 1997e(a)(2000). The Supreme Court has

recently held that "the PLRA's exhaustion requirement applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534

U.S. 516, 532 (2002).

Under the PLRA, an inmate must exhaust administrative remedies before

filing any type of action in federal court regardless of whether the inmate may obtain

the specific form of relief he desires through the administrative process. <u>See</u> <u>Booth</u>

<u>v. Churner</u>, 532 U.S. 731, 741 (2001).  This requirement of complete exhaustion of

administrative remedies must be satisfied before a federal action is commenced. <u>See</u>

<u>Neal v. Goord</u>, 267 F.3d 116, 122 (2d Cir. 2001) (holding that an inmate may not

avoid the requirements of 42 U.S.C. § 1997e(a) by exhausting administrative

remedies after filing a civil rights action in federal court).  The plaintiff did not allege

in his complaint that he had exhausted his administrative remedies prior to filing this

lawsuit.

Relying on the Second Circuit's decision in <u>Snider v. Melindez</u>, 199 F.3d 108,

112 (2d Cir. 1999), on June 5, 2003, this court issued an order ("Order") requiring

the plaintiff to file an amended complaint demonstrating that he had exhausted his

administrative remedies before filing this action.  [Dkt. No. 6].  In the Order, the

court cautioned the plaintiff that his failure to comply with the Order within thirty

days would result in the dismissal of this case.  On June 18, 2003, the plaintiff filed

his amended complaint.

The plaintiff states that he did not attempt to exhaust his administrative remedies because claims regarding his medically approved diet are not grievable. The administrative remedies are set forth in Connecticut Department of Correction Administrative Directive 9.6 (Inmate Grievances). Historically, a disagreement about medical diagnosis or treatment historically was not covered by the state grievance process. In October 2002, however, Directive 9.6, section 6C, entitled Treatment and Diagnosis Review, was added. This section provides:

> If an inmate wishes to appeal a medical diagnosis or prescribed treatment, the inmate shall request a Physician Sick Call Appointment at no cost to the inmate. This appointment will provide the inmate an opportunity to discuss the issue with the Physician. The contents of this meeting, to include the final decision on diagnosis and/or treatment, shall be explicitly documented in the inmate's medical file. Only one appeal per diagnosis and/or treatment shall be permitted.

Connecticut Department of Correction, Administrative Directive 9.6, § 6C. The plaintiff filed this action in April 2003. Thus, at the time the plaintiff filed this action, the new amendments to Administrative Directive 9.6 were in effect, and the plaintiff was therefore required to exhaust his administrative remedies prior to filing suit.

Accordingly, the plaintiff's claims that the defendants failed to comply with a state court order and his Seventh Amendment claim are DISMISSED. The plaintiff's Eighth and Fourteenth Amendment claims are DISMISSED without prejudice for failure to exhaust administrative remedies. See 28 U.S.C. § 1997e(a). The plaintiff may re-file these latter federal claims after he exhausts his administrative remedies. In view of the dismissal of the amended complaint, the plaintiff's motion for discovery [Dkt. No. 5] is DENIED as moot. The Clerk is directed to close this case.

**SO ORDERED.**

Dated this 12th day of December, 2003, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge